**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**February 25, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TASHONNA LEIGH ANDERSON,
a/k/a "Isyss,"

    Defendant - Appellant.

No. 25-5075
(D.C. No. 4:23-CR-00318-JDR-3)
(N.D. Okla.)

———————————————

### ORDER AND JUDGMENT*

———————————————

Before **PHILLIPS**, **EID**, and **FEDERICO**, Circuit Judges.

———————————————

A grand jury indicted Appellant Tashonna Leigh Anderson for kidnapping in violation of 18 U.S.C. § 1201(a), Hobbs Act robbery in violation of 18 U.S.C. § 1951, and carrying, using, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C.

---

* After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

§ 924(c)(1)(A)(ii). Under Federal Rule of Criminal Procedure 11(c), Ms. Anderson pleaded guilty to a single count of misprision of a felony in violation of 18 U.S.C. § 4. The district court sentenced her to 27 months' imprisonment. Ms. Anderson now appeals her sentence. Exercising jurisdiction under 28 U.S.C. § 1291, we conclude Ms. Anderson waived her right to bring this appeal and dismiss the case.

After entering her appearance, Ms. Anderson entered a Rule 11(c) plea agreement that included an appeal waiver. During the change-of-plea hearing, the district judge performed a thorough Rule 11 plea colloquy addressing each right Ms. Anderson agreed to give up by signing the plea agreement. Ms. Anderson affirmed she knowingly and voluntarily entered into the plea agreement. She acknowledged she faced a statutory maximum of three years' imprisonment. And she affirmed she understood the provisions of the plea agreement – including waiving her right to appeal her sentence unless sentenced above the statutory maximum.

At sentencing, the government moved for a downward departure under United States Sentencing Guideline § 5K1.1. The district court denied the motion and sentenced Ms. Anderson to 27 months' imprisonment – a sentence below the statutory maximum. *See* 18 U.S.C. § 4.

Ms. Anderson now appeals, arguing the district court erred in denying the motion for a downward departure. The government contends

Ms. Anderson's appeal is barred by her appeal waiver in the plea agreement.[1] We agree with the government.

When deciding whether an appellate waiver is enforceable, we must determine "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Holzer*, 32 F.4th 875, 881 (10th Cir. 2022) (internal quotation marks omitted).

Ms. Anderson does not challenge the government's contention that she waived her appellate rights, and the record is clear that (1) this appeal is within the scope of her appeal waiver; (2) she knowingly and voluntarily waived the right to appeal her sentence if it did not exceed the statutory maximum; and (3) nothing in the record suggests the district court relied on an impermissible factor or that enforcing the waiver would result in a miscarriage of justice.

---

[1] The government sought leave to file an untimely motion to enforce the appeal waiver. Dkt. No. 14. This court denied the government leave because it did not show "good cause" for its failure to timely file its motion. Dkt. No. 18. The government then raised the appellate waiver issue in the merits brief, as allowed by Tenth Circuit Rule 27.3(A)(3)(d).

We conclude the appellate waiver is valid and dismiss the appeal.

Entered for the Court

Richard E.N. Federico
Circuit Judge